UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM CRENSHAW, Plaintiff, v. ELEANOR GRIFFITH, Defendant. | No. 2:25-cv-2988 CSK P<br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. As discussed below, the Court screens plaintiff's first amended complaint and requires defendant to file a responsive pleading, and plaintiff's subsequent request and motion are denied.

I. BACKGROUND

On June 4, 2026, this Court found that plaintiff stated cognizable First Amendment retaliation and Eighth Amendment medical claims against defendant Eleanor Griffith and ordered service of process. (ECF No. 14.) While the case was out for service, plaintiff filed a first amended complaint.[1] (ECF No. 23.) On July 31, 2026, service on defendant was returned

[1] Plaintiff's amended complaint was filed as a matter of course given that no responsive pleading had yet been filed. Fed. R. Civ. P. 15. Any further amendment will require leave of court by filing a motion to amend accompanied by a proposed amended pleading.

executed. (ECF No. 26.) On August 11, 2026, defendant filed a request for the Court to screen plaintiff's first amended complaint. (ECF No. 28.)

On June 11, 2026, plaintiff filed a request for a copy of his complaint. (ECF No. 20.) On August 10, 2026, plaintiff filed a motion for appointment of counsel. (ECF No. 27.)

## II. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III. FIRST AMENDED COMPLAINT

In his verified first amended complaint, plaintiff renewed his prior allegations against defendant, alleging she was deliberately indifferent to plaintiff's serious medical needs and retaliated against plaintiff for his litigation activity against her. (ECF No. 23; see ECF No. 14 at 1-2.) As noted by defendant, plaintiff simply added allegations that defendant discontinued his pain medications without prior notice or substitution on September 1, 2025, discontinued his weight loss injections on November 25, 2025, which plaintiff alleges was critical to his upcoming surgery, and alleges that on December 24, 2026, following his December 15, 2025 surgery, defendant canceled or allowed his pain medication to expire, despite knowing his permanent nerve damage requires daily pain medication. Although these allegations took place after the allegations initially alleged against defendant, they are related to plaintiff's First and Eighth Amendment claims against defendant and are properly raised herein. Liberally construed, plaintiff's additional allegations in the amended complaint also state potentially cognizable First and Eighth Amendment claims for relief against defendant pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. Defendant is ordered to file a responsive pleading.

IV. PLAINTIFF'S REQUEST FOR COPY

On June 11, 2026, plaintiff requested a copy of his original complaint. (ECF No. 20.) Subsequently, plaintiff filed an amended complaint; thus, plaintiff's request is denied as moot.[2]

---

[2] Plaintiff is advised that the Clerk's Office will provide copies of documents and of the docket sheet at $0.50 per page. Checks in the exact amount are made payable to "Clerk, USDC." Please

V. PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff filed a motion for the appointment of counsel. (ECF No. 27.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service of plaintiff's first amended complaint is appropriate for defendant Eleanor Griffith.
2. Defendant Eleanor Griffith shall file a responsive pleading within thirty days of the date of this order.
3. Plaintiff's request for a copy (ECF No. 20) is denied as moot.

///

---

Note: In Forma Pauperis status does not include the cost of copies. Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-822-2030, fax 916-400-4948.

4. Plaintiff's motion for the appointment of counsel (ECF No. 27) is denied without prejudice.

Dated: August 17, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cres2988.1amd